[No. 3485.  Decided March 3, 1900.]

AMELIA GOLDWATER, *Respondent,* v. W. E. BURNSIDE, *Administrator of the Estate of Abram Isaac Goldwater, deceased, et al., Appellants.*

TRIAL—ADMISSIONS IN PLEADING—ADMISSIBILITY IN EVIDENCE.

Where an allegation of an amended complaint is not denied by the answer, it is error to permit the introduction in evidence of the first complaint in the action, which contains an allegation contrary to the allegation of the amended complaint admitted as true by the answer.

SAME—EVIDENCE OF MISTAKE.

Where the first complaint in an action is admitted in evidence for the purpose of disproving allegations' of the amended complaint, which have not been denied by answer, it is proper to allow plaintiff to testify that, although she had verified the first complaint, she was not aware of the fact that the pleading contained a certain admission, and that its incorporation therein was a mistake.

MARRIAGE—ILLEGALITY—BURDEN OF PROOF.

Where a party attacks the legality of a second marriage in asserting the rights of the first wife, while at the same time admitting the fact of the second marriage, he assumes the burden of proving the illegality of the latter, and must not only prove the prior marriage but also that it has never been dissolved.

SAME—SUFFICIENCY OF EVIDENCE.

One claiming property of a decedent as his wife is not entitled to recover, upon proof that deceased deserted her in a foreign country and that she "believes" he thereafter went to various parts of the world, including the place where he died, when there is no evidence that such was the fact and there is no description of deceased attempted, tending in any way to establish the identity between him and her husband.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge.  Affirmed.

*W. L. Marquardt* and *R. C. Wilson,* for appellants.

*Trumbull & Trumbull,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—This was commenced in the superior court of Clallam county.    In her second amended complaint, upon which the cause was tried, respondent alleges her marriage to Abram Isaac Goldwater in Salt Lake City, Utah; that, pursuant to the marriage, they lived and cohabited together continuously thereafter until the death of her husband, at Port Angeles, in this state, on the 10th of February, 1892; that defendants Sadie, Manie, and Benjamin Goldwater are children of said marriage; that respondent and the deceased became residents of Port Angeles, in this state, in 1888; that the deceased purchased the property which is the subject of this action with funds the respondent had given him at the time of their marriage, but subsequently conveyed said property to one John Bell as trustee, who thereafter conveyed it to the respondent; that at the time of his death deceased was not in debt; that appellant Burnside is administrator of the estate of said deceased; that he and his co-appellants assert that Rachel Goldwater is the surviving wife, and appellants Miriam, Jane, Harris, Lottie, and Albert are the children of the deceased and the appellant Rachel; that the proceeding to administer said estate constitutes a cloud on plaintiff's title.    The relief sought is that plaintiff's title be quieted against the claims of the defendants.

The answer, by way of a cross complaint, alleges the marriage of the appellant Rachel Goldwater with the deceased in Poland in 1857; that Miriam, Jane, Lottie, Albert, and Harris are the children of the deceased and Rachel Goldwater by said marriage; that the property mentioned is community property acquired during the marriage of appellant and deceased; and that the conveyance to plaintiff was void.    The reply denies all of the allegations of new matter in the answer.    At the trial the appellants admitted the marriage of the respondent with

deceased at Salt Lake City in 1884; admitted that at the time of such marriage respondent fully believed deceased was an unmarried man; admitted that the children Sadie, Manie, and Benjamin were children of said marriage; that the property in question was acquired by the deceased after he became a resident of this state. On these admissions respondent rested her case, and the appellants introduced the affidavit of Rachel Goldwater, taken before the consul general of the United States at London, England, which it was stipulated should be given the same force and effect as a deposition, and the right to cross examine expressly waived. The substance of the affidavit is that appellant Rachel Goldwater and the deceased were married in Poland in June, 1857; that the other co-appellants named were the children of said marriage; that in 1876, at London, England, deceased deserted his family, and upon information and belief it is asserted that he went to New Zealand, and thereafter to California, and thereafter to Port Angeles, in this state; that such desertion was against the wishes and protests of appellant Rachel, who frequently made efforts to ascertain the whereabouts of deceased and communicate with him. It further appears that appellant Rachel has never been in the United States, and resides in London, England. Appellants also introduced the first amended complaint of respondent in this action, paragraph three of which is as follows:

" That prior to her said marriage the said Abram Alfred Goldwater was married to the defendant Rachel Goldwater in London, Eng., and at the time of her said marriage as above set forth, the said Rachel Goldwater was the undivorced wife of said Abram Alfred Goldwater."

Paragraph twelve of the second amended complaint alleges that the respondent

".   .   . has no knowledge or information sufficient to form a belief as to whether said Rachel Goldwater was

ever married to deceased, or whether the defendants [naming them] are the children of said Rachel and the deceased, and she therefore denies the same."

It will be noticed that in the amended pleading, upon which the trial proceeded, the fact of appellant Rachel's marriage with the deceased is denied, and this paragraph of the complaint is admitted by the answer. The fact as alleged being admitted, no evidence in contradiction of the admission should have been permitted. In order to have justified the introduction by appellants of the pleading, it was essential that they should have denied paragraph twelve of the second amended complaint, but, having failed to do so, the offer of the former complaint should have been rejected. It was admitted in evidence, however, and the respondent thereupon became a witness and testified that, although she had verified the former complaint, she was not aware of the fact that the pleadings contained the admission of the marriage between appellant Rachel and the deceased; that the incorporation thereof in the pleadings was a mistake; that she did not know any such person as Rachel Goldwater; that she never knew or heard that deceased had been married prior to his marriage with respondent, etc. This explanation was proper and admissible. *Hunter v. Hunter*, 111 Cal. 261 (43 Pac. 756, 52 Am. St. Rep. 180, 31 L. R. A. 411). The court, having found in her favor, must be presumed to have believed her explanatory statement. The judgment must be affirmed.

First, the marriage of the respondent with the deceased being admitted, the burden was upon the appellants to establish a prior marriage with the appellant Rachel, and further, that such prior marriage had never been dissolved. The affidavit is entirely barren of any statement of evidentiary facts, but, accepting it as sufficient to establish

the marriage between appellant Rachel and the deceased, there is absolutely nothing tending to show that such marriage was not thereafter dissolved; and, although this involves proof of a negative, nevertheless the burden was upon the appellants to make it.    See *In re Rash's Estate,* 21 Mont. 170 (53 Pac. 312), and authorities there cited. The appellants, by admitting the marriage of respondent with the deceased, assumed the burden of proving its illegality.    In favor of its legality the law seizes upon all presumptions, both of law and fact, in order to repel the conclusion of unlawful cohabitation.    1 Bishop, Marriage & Divorce, § 457.

2.  Another reason for affirming the judgment is the total lack of proof of the identity of the deceased.    The affidavit of the appellant in no wise tends to show that the deceased was the person who had deserted her in England, some sixteen years prior to the time of his death.    She testifies that she *believes* that after he deserted her he went to New Zealand, thereafter to California, thereafter to Port Angeles; but there is no evidence that such was the fact. There was nothing attempted in the way of description of the deceased, and evidence of identity is wholly lacking.

Upon the record the judgment of the superior court was right, and it is affirmed.

DUNBAR and FULLERTON, JJ., concur.

REAVIS, J., concurs in the result.