[No. 20982.  Department Two.  April 5, 1928.]

*In the Matter of the Estate of* ALEXANDER K. PESONEN,
*Deceased.*

THE STATE OF WASHINGTON *et al., Appellants,* v. W. K.
INMAN, *as Administrator, Respondent.*[1]

[1] DESCENT AND DISTRIBUTION (11)—ESTABLISHMENT OF HEIRSHIP—
EVIDENCE—SUFFICIENCY.  Heirship, as cousins of one A. K. P., a
Finn who died in Pacific county in this state, is sufficiently
established by Finnish government registers showing the birth
of A. K. P. in Viborg, Finland, and the birth and death of each
of his parents, and his relationship as cousin to the claimants,
together with proof that the A. K. P. who died in Pacific county
was born in Viborg, and that his age and the date of the death
of his parents corresponded with the register, and there was no
evidence of any other A. K. P. in Viborg, Finland.

[2] SAME (11).  The fact that the register shows the date of the
death of A. K. P. in Pacific county, probably inserted upon in-
formation furnished by the Finnish Consul, does not detract
from the value of the balance of the register as evidence.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered August 1, 1927, upon
findings in favor of the defendant, in an action to
forfeit to the state lands held by an alien, tried to the
court.  Affirmed.

*G. W. H. Davis* and *W. F. Van Ruff,* for appellants.
*John J. Langenbach,* for respondent.

MAIN, J.—The sole question in this case is whether
the estate of Alexander K. Pesonen should be escheated
to the state of Washington or go to those persons
claiming as the collateral heirs of the deceased.

Alexander K. Pesonen died in Pacific county, this
state, August 13, 1925, leaving a will in which his wife,
who had died some years previously, was named as

[1]Reported in 266 Pac. 165.

the sole beneficiary. This will was held not effective because the beneficiary had died prior to the death of the testator. W. H. Fellman, Consul for the Republic of Finland for the district of Astoria, Oregon, which includes Pacific county in this state, filed a petition asking that the estate be distributed to Albin Pesonen, Maria Hautamaki and Kalle Pesonen, who reside in Finland and are first cousins of the deceased. The state of Washington, through its proper officer, filed a petition claiming that the deceased left no heirs and asking that his estate, of the approximate value of $7,500, be escheated. The trial resulted in findings of fact, conclusions of law and a judgment sustaining the heirship of the Finnish claimants, and from the judgment the state appeals.

[1] Upon the trial, there was introduced in evidence the family register of Alexander Konstantin Pesonen. This register is an official government document, kept by the state church in Finland under the direction of the officers of the state. It shows the date of the birth of Alexander Konstantin Pesonen, the dates of the birth and death of each of his parents. According to this register, the claimants to the estate in this case represented by the Consul of Finland are first cousins of the Alexander Konstantin Pesonen mentioned in the register, and it shows that he was born in Viborg, Finland. The evidence introduced upon the trial shows that the Alexander K. Pesonen who died in Pacific county was born in Viborg, Finland; that his age corresponded with the age of the Alexander Konstantin mentioned in the register and that the date of the death of his parents corresponded with the register. There is no evidence that there was any other Alexander K. Pesonen in Viborg, Finland. From these facts, it would seem that the reasonable

inference is that the Alexander Konstantin Pesonen mentioned in the register and the Alexander K. Pesonen who died in Pacific county is one and the same person.

The deceased left Finland when he was about twelve years of age, more than fifty years before his death, and had never returned there. His parents had died before his departure. It is not surprising, as testified to by a number of witnesses, that he should have thought during his life time that he had no living relatives. It is said that the evidence in this case should have gone further and shown a description of the Pesonen mentioned in the register as well as of the one that died in Pacific county in order to establish identification. The failure to produce such testimony is not necessarily fatal to a recovery, when it is remembered that the deceased left Finland when he was a small boy, and at that time only one of the claimants who was then about ten years of age had been born. The state, to a considerable extent, relies upon the cases of *Goldwater v. Burnside,* 22 Wash. 215, 60 Pac. 409, and *In re Ampusait's Estate,* 141 Wash. 74, 250 Pac. 463, but those cases are different in their facts. In cases of this kind, each case must depend, of course, largely upon its own facts, and the question whether claimants have sustained their claim of heirship by the burden of proof placed upon them by the law must be determined from the facts of the particular case. In the present case we think that the claimants have established their right to the estate.

[2] Objection is made to the family register, because it recites the date of the death of Alexander K. Pesonen in Pacific county. This undoubtedly was inserted in the register upon information furnished by the Finnish Consul at Astoria. In considering the case, we have entirely disregarded that part of the

register as not being of probative value. The fact of this insertion upon information given by the Consul, however, does not destroy the value of the balance of the register as evidence.

The trial court properly distributed the estate to the Finnish heirs. The judgment will be affirmed.

MACKINTOSH, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.