termining the preponderance of the evidence, which tells them that they may take into consideration the number of witnesses testifying, is not objectionable.

8. INSTRUCTIONS, § 131*—*when refusal of instruction ignoring theories of case proper.* In an action to recover for personal injuries to a child by defendant's automobile, an instruction that "if the child ran in front of the automobile so suddenly that the driver had no notice of any danger," etc., then plaintiff could not recover, is properly refused since it fails to take into consideration the question whether the accident was the result of such negligent driving as made it impossible for defendant's chauffeur to avoid the accident after seeing the child.

9. EVIDENCE, § 52*—*when refusal of evidence not connected with physical facts of case not error.* In an action for personal injuries, the refusal to permit a witness to testify as to what was visible to him at a certain point is not error, where such point was not the one from which the accident was seen by another witness to whose testimony the question related.

---

## Paul A. Hart by George A. Hart, Appellant, v. Jessie Hart, Appellee.

### Gen. No. 21,351.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916. Rehearing denied April 24, 1916.

### Statement of the Case.

Bill by Paul A. Hart, a minor, by George A. Hart, his next friend and guardian *ad litem,* complainant, against Jessie Hart, defendant, to annul the marriage of complainant and defendant.

Complainant exhibited his bill of complaint relating that he was nineteen years of age, that while under the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

age of eighteen, a marriage ceremony was performed between the complainant and the defendant, that immediately upon the performance of the ceremony complainant and defendant separated, that the marriage was never consummated, that the parties never entered into the marriage status nor lived together as man and wife, and that said marriage was never ratified by complainant in any manner thereafter, and therefore he asked that the marriage be declared null and void. The answer of the defendant admitted the marriage, asserted its validity, averred that defendant and plaintiff lived together as man and wife, and that as a result of the marriage two children were born, that defendant was living separate and apart from complainant without any fault on her part, that complainant had abandoned her and neglected and refused to contribute to the support of herself and children. Thereafter, she filed her cross-bill containing allegations similar to those in her answer, and asked that her husband be decreed to provide for her support and maintenance and for the support and maintenance of said children, and alleged that she was then dependent for support upon the charity of her friends; that complainant was employed as a bank clerk, receiving at least twenty dollars a week, that he was a strong, healthy man, able to provide for and support cross-complainant and her children, and asked for separate maintenance and for temporary solicitor's fees. The cross-bill was sworn to. The affidavits of the complainant, his father and mother sustained the allegations in the bill, and tended to show that he was attending school, and not engaged in any business.

Upon reading the bill of complaint, cross-bill, answers and affidavits, the court entered an order allowing temporary alimony and solicitor's fees, from which the complainant appealed upon the ground that the court was without authority to enter it, for the reason that defendant was not complainant's wife, because

the marriage was void, and, if only voidable, had long since been repudiated by the complainant.

RANKIN & DUNN, for appellant; ODE L. RANKIN, of counsel.

CASWELL & HEALY, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. MARRIAGE, § 29*—*when allowance of temporary alimony and solicitor's fees proper in suit to annul illegal marriage.* The word "wife" in section 15 of the Divorce Act (J. & A. ¶ 4230), providing for temporary alimony and solicitor's fees, is not to be construed as limiting the authority of the court to grant such allowances only in cases of lawful marriages, but to permit it to do so in suits to annul void or voidable marriages also.

2. DIVORCE, § 1*—*when term applicable to annulment of illegal marriage.* The term "divorce" as used in the Divorce Act (J. & A. ¶ 4215 *et seq.*) is not confined to the annulment of lawful marriages, but embraces also suits to declare the nullity of illegal marriages, though void *ab initio.*

3. DIVORCE, § 1*—*when term "wife" includes one entering into void marriage.* The term "wife or wives" as used in section 19 of the Divorce Act (J. & A. ¶ 4234) includes those who have entered into void marriage contracts.

4. MARRIAGE, § 29*—*when allowance of temporary alimony and solicitor's fees proper though validity of marriage denied.* In an action to annul a marriage as invalid, it is not error to allow temporary alimony and solicitor's fees where there is a prima facie showing of a valid marriage.

5. MARRIAGE, § 29*—*when entry of order in personam for temporary alimony and solicitor's fees proper without service of process on cross-bill for separate maintenance.* Where a minor has exhibited a bill in chancery to have his marriage annulled as invalid and defendant files a cross-bill for separate maintenance, the chancellor may enter an order *in personam* for temporary alimony and solicitor fees without service of process on the cross-bill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.