[Civil No. 3426. Filed March 21, 1934.]

[30 Pac. (2d) 832.]

DR. GJURO KOLOMBATOVICH for and on Behalf of MILICA CVJETICANIN, Petitioner, v. MAGMA COPPER COMPANY, Employer, INDUSTRIAL COMMISSION OF ARIZONA, Insurance Carrier, Respondents.

Mr. Charles Bernstein, for Petitioner.

Mr. Edward W. Rice, for Respondent Magma Copper Company.

McALISTER, J.—An application for compensation was made by the Royal Consul of Jugoslavia at San Francisco, California, on behalf of Milica Cvjeticanin who claims to be the widow of one Mike Svetich. The Industrial Commission made an award denying compensation and the consul has by *certiorari* brought the matter here for review.

The record discloses that Mike Svetich was killed on January 2, 1932, at Superior, Arizona, while in the course of his work as an employee of the Magma Copper Company; that on January 9th thereafter Mary Svetich filed a widow's claim for compensation and that on January 20th the Industrial Commission made an award to her as the widow of the deceased, the benefits of which she enjoyed until her death on November 28, 1932. The evidence before the commission disclosed that she and deceased were married at Ely, Nevada, on March 8, 1919, and that they lived together thereafter until the time of his death, or about thirteen years. A copy of their marriage certificate was filed with the commission.

About ten months after the award to Mary, or on December 16, 1932, the Royal Consul of Jugoslavia at San Francisco, through a firm of attorneys in Portland, Oregon, wrote the Industrial Commission stating that the true and lawful widow of Mike Svetich was Milica Cvjeticanin, who with her daughter resided at Visuc, District of Udbina, Jugoslavia, and that the marriage of deceased and Jelisaveta (Mary) Rubetich was unquestionably bigamous. He stated further that he had the documents from the proper officials in Jugoslavia conclusively showing these facts and that he would be pleased to submit them to the

commission, but inasmuch as there was not then sufficient time before the expiration of a year from the death of the deceased to file an application in due form he asked that his letter be regarded as a formal claim for compensation on behalf of Milica, the lawful widow of the deceased. The head of the claims department of the Industrial Commission in answering this letter under date of January 5, 1933, stated, among other things, that "the year contemplated by law within which a claim may be made having expired in this case, no further action will be taken by the Commission," and in reply to this the consul's attorneys wrote that since it was impossible for them to procure the necessary information from Jugoslavia earlier they were confident the commission would proceed to a fair adjudication of the matter.

Some time thereafter the commission decided to treat the letter of December 16th as an application and on May 20, 1932, set it for hearing on June 8th, on which date a referee took the testimony. The documents filed by the petitioner in support of the application disclosed that Mane Cvjeticanin, 20, and Milica Korach, 21, both of Visuc, District of Udbina, Jugoslavia, were married at that place on January 21, 1902 and that they had one child, a daughter; that in 1905 Mane came to America where he was known as Mike Svetich and remained here until his death; that he located first in Colorado and lived in several different states; that he wrote to Milica regularly before the World War and less frequently afterward; that he often sent her money for support but she could not say where from, how often or how much, the last sums being $50 in July and $25 in October, 1929, both being sent from Superior, Arizona, to his father for the support of him and her; that she, Milica, did not procure a divorce from Mike or give him any cause to obtain one from her.

The documents show further that one Mato Funtek, 29, and Julisaveta Rubetich, 18, both of Vrtlinska, Province of Savska, Jugoslavia, were married at that place on February 10, 1902; that about October 20, 1905, Jelisaveta Rubetich (Funtek) deserted Mato and came to America, where she remained until her death; that in March, 1919, Jelisaveta (Mary) Rubetich and Mike Svetich were married at Ely, Nevada, and lived together until his death in 1932.

On July 21st the commission made its decision and award. It found ''that the applicant, Milica Cvjeticanin, was not a legal dependent of the deceased, and accordingly is not entitled to compensation on account of the death of said employee,'' but that the latter left surviving him his wife, Mary Svetich, to whom under the law compensation was payable, and that it had been paid in full. Following the denial of a motion for rehearing the petitioner brought the matter here asking that the award be set aside upon the ground that Milica was the true, lawful widow of the deceased and as such entitled to the compensation provided for in the Workmen's Compensation Law.

The complaint of the petitioner is that the Industrial Commission erred in finding that Mary Svetich was the lawful wife of Mike Svetich for the reason that the uncontradicted evidence discloses that he was married to Milica Cvjeticanin of Visuc, Jugoslavia, in January, 1902, and was never given a divorce from her and, therefore, that she and not Mary, who at the time of her marriage to Mike had a living husband from whom she had never been divorced, was his lawful wife and sole beneficiary under the Compensation Law. The record does disclose that Mike and Milica were married in 1902 in Jugoslavia and that she never divorced him, but it fails to advise the commission whether or not Mike during the fourteen years he had lived in this country

prior to his second marriage was divorced from her. The mere fact that Milica was still living and had never procured a divorce from him was not sufficient to establish the fact that he himself had not procured one from her prior to that time. He had spent these fourteen years in several different states of the Union and in holding that Milica was not dependent on him, or, in other words, was not his widow, the Industrial Commission evidently acted upon the theory that the petitioner had not shown to its satisfaction that Mike Svetich had not before entering into his marriage with Mary procured in some one of the states in which he had resided a decree dissolving the bonds between him and Milica, and in doing so it followed the law. Both the law and public policy favor matrimony and when it is once shown that a marriage has been celebrated, the contract, the parties' capacity to enter into it, and in fact every act necessary to its validity, will be presumed, in the absence of proof to the contrary. The presumption that it was legal and valid in all respects is one of the strongest known to the law, and while it is true that the marriage relation when once proven is presumed to continue, yet this presumption attaches with full force to the second or latest marriage, and the reason for this is that the "presumption of innocence, morality and legitimacy will counterbalance and preponderate against the presumption of the continuance of the former relations." 18 R. C. L. 417.

There seems to be no division of authority on the proposition that where one contracts a second marriage during the lifetime of the first spouse the presumption that the first marriage was legally dissolved prevails and the one who asserts that the second marriage is invalid has the burden of showing that there has been no divorce. The following excerpts show this:

"When a marriage has been consummated in accordance with the forms of law, it is presumed that no legal impediments existed to the parties entering into such marriage, and the fact, if shown, that either or both of the parties have been previously married, and that such wife or husband of the first marriage is still living, does not destroy the *prima facie* legality of the last marriage. The presumption in such a case is that the former marriage has been legally dissolved, and the burden that it has not rests upon the party seeking to impeach the last marriage." 18 R. C. L. 417.

"Mere proof of a prior marriage and that one party had not obtained a divorce is not sufficient, for the other might have obtained such divorce and left him or her free to contract the second marriage." 18 R. C. L. 420.

"In the case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly the burden of showing the validity of the first marriage is on the party asserting it, and even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage." 38 C. J. 1328, 1329.

Among the numerous authorities to this effect the following are cited: *Potter* v. *Clapp,* 203 Ill. 592, 68 N. E. 81, 96 Am. St. Rep. 322; *Brown* v. *Parks,* 173 Ga. 228, 160 S. E. 238; *Pittinger* v. *Pittinger,* 28 Colo. 308, 64 Pac. 195, 89 Am. St. Rep. 193; *Donofrio* v. *Donofrio,* 167 Wash. 80, 8 Pac. (2d) 966; *In re Tormey's Estate,* 44 Idaho 299, 256 Pac. 535; *In re De Force's Estate,* 119 Or. 556, 249 Pac. 632; *Phillips* v. *Wilson,* 298 Mo. 186, 250 S. W. 408; *Keller* v. *Linsenmyer,* 101 N. J. Eq. 664, 139 Atl. 33; *Doertch* v. *Folwell Engineering Co.,* 252 Mich. 76, 233 N. W. 211; *Farr* v. *Farr,* 190 Iowa 1005, 181 N. W. 268; *Temple-*

*ton* v. *Jones,* 127 Okl. 1, 259 Pac. 543; *Howard* v. *Kelly,* 111 Miss. 285, 71 So. 391, Ann. Cas. 1918E 1230; *Ex parte Young,* 211 Ala. 508, 101 So. 51; *Louisa Coleman Che Mah Dunn* v. *Starke County Trust & Savings Bank,* (Ind. App.) 184 N. E. 424; *Griggs* v. *Pullman Co.,* (Mo. App.) 40 S. W. (2d) 463.

This matter has been definitely decided in this jurisdiction as a reading of section 1 of the syllabus to *McCord* v. *McCord,* 13 Ariz. 377, 114 Pac. 968, will disclose:

"In a suit for a community interest in property claimed by plaintiff as surviving widow, in which she attacked decedent's marriage to defendant on the ground that the first marriage to plaintiff had never been dissolved, evidence examined, and held to sustain a judgment for defendant, because of plaintiff's failure to overcome the presumption of divorce."

While plenary proof that the first marriage was never dissolved is not required, the evidence to rebut the presumption of the validity of the second one should be sufficiently clear and conclusive as fairly to preclude any other result. *McCord* v. *McCord, supra; Osmak* v. *American Car & Foundry Co.,* 328 Mo. 159, 40 S. W. (2d) 714, 77 A. L. R. 722.

Such, however, is not the situation in this case. There is nothing in the record indicating so strongly that Mike had not been divorced from Milica when he married Mary that it may be said that it fairly tends to preclude any other conclusion. It is not enough to overcome the validity of the second marriage to show that Milica took no steps for a divorce, that no papers were served on her in an action for one, that she stated that she had given Mike no cause to procure one from her, that he occasionally sent money to his father in Jugoslavia for his and Milica's use, and that he was not divorced in some one of the states in which he had lived and could

have been. *Pittinger* v. *Pittinger, supra; Brown* v. *Parks, supra; Potter* v. *Clapp, supra.*

Mary was in the same situation as Mike. She had married one Mato Funtek in Jugoslavia in 1902 and three years later came to the United States, leaving him in that country. She never returned to Jugoslavia nor did he come to this country, but according to the evidence he is still living and, so far as Milica's witnesses in Jugoslavia are aware, married to Mary. There is in the record, however, nothing fairly tending to overcome the presumption that she obtained a divorce from him in some one of the states in which she had lived prior to 1919 when she married Mike.

There is nothing in the record showing that the Industrial Commission was not justified in finding that Mary, and not Milica, was the lawful widow of Mike Svetich.

The award is affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.