[No. 27743.   Department One.   October 13, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Thomas H. Davis, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Chester A. Batchelor, Judge, Respondent.*[1]

*James G. Mulroy* and *Charles A. Cave,* for relator.

*Ralph A. Horr,* for respondent.

MILLARD, J.—This is an original petition to this court for a writ of prohibition to prevent the superior court for King county from entering an order requiring the relator to pay to the plaintiff forty dollars monthly during the pendency of his appeal in an action entitled Blanche E. Davis v. Thomas H. Davis, and to also prevent that court from entering an order requiring the relator to pay to Blanche E. Davis three hun-

[1]Reported in 94 P. (2d) 478.

dred dollars for suit money to enable her to resist the relator's appeal in the action just described.

The facts, as disclosed by the petition and the return thereto of the superior court, are as follows:

An action was commenced by Blanche E. Davis in the superior court for King county to obtain a divorce from Thomas H. Davis. In his answer and cross-complaint, Thomas H. Davis alleged that, without knowledge of the fact that the plaintiff was then the wife of another, he consented to marry her; and that, on or about October 3, 1938, a marriage ceremony purporting to unite Blanche E. Davis and Thomas H. Davis as husband and wife was performed in this state. He prayed that the purported marriage be annulled. Through their respective attorneys, the plaintiff and defendant stipulated in open court that a decree of annulment should be entered. Judgment was entered pursuant to findings and conclusions of the court that, by reason of the purported marriage, the plaintiff had sustained damages in the amount of two thousand dollars, and that that marriage should be annulled.

Defendant immediately gave notice of appeal from that portion of the judgment awarding recovery in the amount of two thousand dollars to the plaintiff and filed the required cost and supersedeas bond to perfect the appeal and to stay further proceedings upon the judgment.

On July 29, 1939, plaintiff filed a motion which came on for hearing August 4, 1939, before respondent superior court for an order requiring defendant to continue to pay to plaintiff support money of forty dollars monthly until disposition of his appeal; and that the defendant be also required to pay to the plaintiff three hundred dollars to enable her to resist in this court the appeal of the defendant. Respondent superior court announced its intention to grant the

motion, whereupon relator filed his petition, as above stated, in this court for a writ of prohibition to restrain respondent from entering such order.

The statute (Rem. Rev. Stat., § 984 [P. C. § 7503]) provides that any person who has been a resident of this state for one year may file his or her complaint for a divorce or a decree of nullity of marriage in the superior court of the county where he or she may reside, and like proceedings shall be had thereon as in civil cases. The statute (Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507], Laws of 1933, p. 432, § 1) further provides that, pending the action for the divorce, the court may make, and by attachment enforce, such orders for the disposition of the property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. If the court determines that either party or both is entitled to a divorce, an interlocutory order must be entered accordingly. That order shall also make all necessary provisions as to alimony, custody, support and education of the children, etc.

It is clear that the statute presupposes the existence of the marital relation as a condition to the right of the court to award alimony and attorney's fees to the wife. The existence of the marital relation is a condition precedent to the power of the court to grant to the wife alimony and attorney's fees. *Dolby v. Dolby*, 93 Wash. 350, 160 Pac. 950; *Haakenson v. Coldiron*, 190 Wash. 627, 70 P. (2d) 294.

In the action to annul their marriage, the parties stipulated the entry of a decree of annulment, doubtless on the ground that the marriage was void because, at the time of her purported marriage to the defend-

ant (relator in this proceeding), the plaintiff was then the wife of another.

The right to attorney's fees or alimony is predicated upon the duty of the husband to the wife springing from the contract or status of marriage. As marriage is the essential foundation of allowances and alimony, the existence of a marriage between the parties must be admitted, or shown, before an order properly can be made for an allowance of temporary alimony or suit money.

Where the existence of the marriage is not admitted or established—in the action of Blanche E. Davis against the relator, the invalidity of the marriage of plaintiff and defendant was admitted and the interlocutory order established the nonexistence of a marriage between them—in an action for annulment, no assistance will be granted to the wife from the means of the husband. *Therry v. Therry,* 117 Fla. 453, 158 So. 120; *Morgan v. Morgan,* 148 Ga. 625, 97 S. E. 675, 4 A. L. R. 925; 19 C. J. 212; 6 Bancroft's Code Practice, 6646, § 4904.

The existence of the marital relation is a condition precedent to the power of the court to grant alimony, counsel fees, or suit money to the wife. Where the existence of the marriage is not admitted or established, or where it is admitted that the complainant had living an undivorced husband at the time of her purported second marriage, the court is without power to grant alimony, counsel fees, or suit money to the woman.

The writ is granted.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.