[No. 28572. Department Two. February 19, 1942.]

BLANCHE E. DAVIS, *Respondent*, v. THOMAS H. DAVIS, *Appellant*.[1]

[1]Reported in 122 P. (2d) 497.

*Chas. A. Cave* and *James G. Mulroy,* for appellant.

*Ralph A. Horr* and *Albert M. Franco,* for respondent.

BLAKE, J.—Plaintiff brought this action for separate maintenance. Defendant filed a cross-complaint, praying for annulment of marriage or, in the alternative, for divorce. The cause first came on for trial in July, 1939. July 19th, the court entered a decree annulling the marriage and awarding plaintiff a money judgment of two thousand dollars against defendant. From the latter portion only of the decree, defendant appealed. The decree annulling the marriage was predicated on the court's sixth finding of fact:

"Through their respective attorneys, plaintiff and defendant Thomas H. Davis orally stipulated and agreed in open court that a decree of annulment should herein be entered."

After entry of that decree, plaintiff made application to the superior court for allowance of attorneys' fees and suit money pending appeal. The superior court having indicated its intention of making such an allowance, defendant applied to this court for a writ of prohibition. *State ex rel. Davis v. Superior Court,* 200 Wash. 670, 94 P. (2d) 478. This court granted the writ, saying:

"Where the existence of the marriage is not admitted or established—in the action of Blanche E. Davis against the relator, the invalidity of the marriage of plaintiff and defendant was admitted and the interlocutory order established the nonexistence of a marriage between them—in an action for annulment, no assistance will be granted to the wife from the means of the husband."

After hearing the appeal on the merits, this court set aside the decree on the ground that the findings of fact were insufficient to sustain it. *Davis v. Davis,* 3 Wn. (2d) 448, 101 P. (2d) 313. The cause was "re-

manded for further proceedings not inconsistent with this ruling." After the remittitur went down, defendant moved that a time be fixed "for the hearing of additional evidence and testimony," and offered "to produce at said hearing evidence that upon October 3, 1938, and at the time of a purported marriage ceremony performed upon said date in which plaintiff and defendant Davis were parties, the said plaintiff was then the wife of Albert J. Pettit."

The court denied the motion. It, however, made and entered "Amended Findings of Fact and Conclusions of Law," among others, as follows:

"II. That the parties hereto were married at Tacoma, Washington, on the 3rd day of October, 1938.

"III. That there are no children as a result of the aforementioned marriage.

"IV. That on the 3rd day of February, 1939, plaintiff commenced a suit against defendant Thomas H. Davis for separate maintenance. That defendant Thomas H. Davis cross-complained for an annulment and in the alternative for a divorce. . . .

"VI. That plaintiff has failed to show that she is entitled to separate maintenance.

"VII. *That defendant has failed to sustain the allegations of his cross-complaint.*" (Italics ours.)

Upon the foregoing findings of fact, the court entered the following conclusions of law:

"I. That the action of the plaintiff for separate maintenance should be dismissed without prejudice to her right to bring an action for divorce.

"II. That the cross-complaint of defendant for an annulment and in the alternative for a divorce should be dismissed without prejudice.

"III. That neither party recover costs herein."

Judgment was accordingly entered dismissing plaintiff's action for separate maintenance, and defendant's cross-complaint for annulment of marriage or, in the alternative, for divorce—both without prejudice. De-

fendant perfected an appeal from this judgment, whereupon plaintiff applied for an allowance of attorneys' fees and suit money pending such appeal. From an order granting the application, in the amount of $175, defendant prosecutes the present appeal.

The basic question for determination is whether the amended findings of fact and conclusions of law present a different situation from that passed upon by the court in *State ex rel. Davis v. Superior Court, supra,* where it was held that plaintiff was precluded from an allowance of attorneys' fees and suit money *pendente lite* because, through her counsel, she agreed to the entry of a decree annulling the marriage.

■ The general rule is that, where a husband seeks annulment of marriage, the wife is entitled to alimony *pendente lite* until the invalidity of the marriage is clearly proved. 6 Bancroft's Code Practice and Remedies, 6447, § 4904; *Poole v. Wilber,* 95 Cal. 339, 30 Pac. 548; *Webb v. Wayne Circuit Judge,* 144 Mich. 674, 108 N. W. 358; *Ascher v. Ascher,* 202 Mo. App. 622, 216 S. W. 576; *North v. North,* 1 Barb. Ch. (N. Y.) 241, 43 Am. Dec. 778; *McMurray v. McMurray,* 58 Mont. 229, 190 Pac. 924; *Griffin v. Griffin,* 47 N. Y. 134; *Eliot v. Eliot,* 77 Wis. 634, 46 N. W. 806; *Hart v. Hart,* 198 Ill. App. 555; *Ricard v. Ricard,* 143 Iowa 182, 121 N. W. 525, 26 L. R. A. (N. S.) 500, 136 Am. St. 763, 20 Ann. Cas. 1346. In the case last cited, the court said, p. 184:

"The statute provides, for the allowance of alimony in the case of divorce; and, if the section of the statute which we have set out above is to be given any force or effect at all, it must be held that alimony may be awarded in proper cases brought to annul a marriage alleged to be illegal. In this case the husband is the complaining party, and makes an allegation against the wife which she alleges to be untrue, and which she is called upon to defend. Her marriage to the plaintiff is presumed to be legal until the contrary is shown,

and we know of no sound reason in law or in morals why a wife who has had so serious a charge made against her should not have the same right of assistance from her husband in defending against his charge that she would have were he asking a divorce."

Considering the record now made by the amended findings of fact and conclusions of law, we think, in the light of the rule laid down in the cases above cited, the respondent is entitled to an allowance of suit money and attorneys' fees pending the appeal. For the trial court, in finding two, found "That the parties hereto were married at Tacoma, Washington, on the 3rd day of October, 1938."

This finding carries with it the presumption of the validity of the marriage and of the legal capacity of the parties to enter into the relationship. *Thomas v. Thomas,* 53 Wash. 297, 101 Pac. 865; *State ex rel. Bentley v. Frenger,* 158 Wash. 683, 291 Pac. 1089. One who attacks the validity of a second marriage on the ground of an existing prior marriage assumes the burden of proving the illegality of the second marriage, and must not only prove the prior marriage, but also that it has never been dissolved. *Goldwater v. Burnside,* 22 Wash. 215, 60 Pac. 409; *Donofrio v. Donofrio,* 167 Wash. 80, 8 P. (2d) 966.

The court, in the present case, amended finding of fact No. VII, found "That defendant has failed to sustain the allegations of his cross-complaint." In other words, the appellant has failed to establish that the prior marriage of respondent to Pettit has not been dissolved. While that question remains undecided, respondent is entitled, under the authorities we have cited, to an allowance for attorneys' fees and suit money *pendente lite.*

The order appealed from is affirmed.

ROBINSON, C. J., SIMPSON, and JEFFERS, JJ., concur.

BEALS, J. (dissenting)—This court, in the case of *State ex rel. Davis v. Superior Court,* 200 Wash. 670, 94 P. (2d) 478, held that the plaintiff herein, respondent Blanche E. Davis, was at that time not entitled to suit money to enable her to resist an appeal to this court taken by appellant from the decree annulling the marriage ceremony which purported to make the parties husband and wife. At that stage of the proceedings, Blanche E. Davis had entered into a stipulation agreeing to the entry of a decree of annulment. She thereby, with the greatest possible formality, admitted that she and Thomas H. Davis were not husband and wife, and that the marriage ceremony between the parties had not resulted in the establishment of that relationship. As stated in the majority opinion, this court, in the case above cited, held that "the existence of the marital relation is a condition precedent to the power of the court to grant alimony, counsel fees, or suit money to the wife."

Upon the appeal from the decree of annulment, this court held (*Davis v. Davis,* 3 Wn. (2d) 448, 101 P. (2d) 313) that the record then before us disclosed no facts which would support a decree of annulment, and that the decree appealed from rested solely upon the stipulation for annulment entered into between the parties before the court. This court held that such an agreement is against public policy, and that a decree based thereon is a nullity. The decree was therefore reversed, and "the cause remanded for further proceedings not inconsistent with this ruling."

After the filing of the remittitur, the record shows that Thomas H. Davis moved the court that a time be fixed for the hearing of additional evidence in the cause, stating that at such a hearing he would produce evidence to the effect that, at the time of the purported marriage ceremony between the parties, Blanche E.

Davis was then the wife of one Albert J. Pettit. The record shows that this motion was formally denied by the court, March 13, 1941. On the same date, the trial court entered so-called "Amended Findings of Fact and Conclusions of Law." In these findings, the history of the litigation between the parties is recited, including the entry of the decree of annulment, the appeal therefrom by Thomas H. Davis, the reversal of the decree by this court, and the remand from this court to the superior court for further proceedings, as above stated. We then find the following recital: "That these findings are entered pursuant to the opinion of the court in that case," referring, of course, to the decision of this court reversing the decree of annulment.

The so-called amended findings show beyond question that they were entered by the trial court without the taking of any further evidence in the cause, although Thomas H. Davis had requested that a time be fixed for the taking of further testimony.

To me, it seems clear that it was the intention of this court that the case be reopened for further evidence, and that a final decree be entered upon findings based upon such evidence, but the record now before us shows beyond question that that course was not followed.

In making the amended findings, the trial court then had before it no evidence other than that which it had heard prior to the entry of the decree of annulment, which was based upon the stipulation of the parties. In the amended findings, the court found the residence of the parties in King county; "that the parties hereto were married at Tacoma, Washington, on the 3rd day of October, 1938"; that there were no children; that this action had been commenced by Blanche E. Davis, seeking separate maintenance, and that the defendant,

Thomas H. Davis, had cross-complained for an annulment, or in the alternative, for a divorce; that the case had come on for hearing before the judge who was making the amended findings; "that plaintiff has failed to show that she is entitled to separate maintenance"; and "that defendant has failed to sustain the allegations of his cross-complaint."

From the findings of fact the court concluded that plaintiff's action for separate maintenance should be dismissed without prejudice, and that the defendant's cross-complaint should be dismissed without prejudice. On the same day, the trial court signed an order of dismissal, in accordance with the conclusions of law. From this order of dismissal, Thomas H. Davis has appealed, his appeal not having been at this time submitted to this court for decision.

In its amended finding above quoted, the trial court was careful to find no more than that the parties went through a marriage ceremony on the date mentioned. There is no finding that the parties ever became husband and wife, or that such relationship ever existed between them.

Certainly it appears beyond question from the record that, at the time of making these amended findings, the trial court could not have had before it evidence upon which to base any finding that the relationship of husband and wife ever existed between the parties. It was always admitted that the parties went through a marriage ceremony, because the parties stipulated that that purported marriage ceremony should be formally annulled.

In my opinion, the presumption which often follows, that the performance of a marriage ceremony between a man and woman results in a valid marriage, does not apply in this situation, as the parties themselves have

formally stipulated that no such result followed the marriage ceremony referred to.

The so-called amended findings, in my opinion, add nothing whatever to the record as it existed when this court held that Blanche E. Davis was not entitled to suit money. *State ex rel. Davis v. Superior Court, supra.*

The mere fact that the trial court found that Thomas H. Davis failed to sustain the allegations of his cross-complaint is unimportant. The evidence taken in the course of the trial which resulted in the decree of annulment is not before us. It would seem highly probable that, when the parties stipulated that a decree of annulment be entered, and the court signified its willingness to sign a decree of annulment, based upon that stipulation, neither party would have any interest in introducing any further evidence. Surely if the evidence had even indicated that a valid marriage ceremony had been performed, the court would not have entered a decree of *annulment,* even though the parties stipulated that such a decree might be entered. A decree of annulment can be entered only in cases of an invalid marriage ceremony, which for some reason has failed to result in the establishment of a valid marriage. Prior to the entry of the findings of fact and conclusions of law now before us, Mr. Davis formally requested leave to introduce further testimony, and the trial court refused to permit him to do so. The fact that, upon the record made prior to the entry of the decree of annulment, the trial court, after the lapse of considerable time, found that Mr. Davis failed to sustain the allegations of his cross-complaint, to me signifies nothing.

This is the same action in which Blanche E. Davis stipulated that the marriage ceremony entered into between the parties be annulled. She thereby has ad-

508

mitted in this action that there was no valid marriage between the parties.

This being true, and in view of the record before us, I am convinced that we have simply again presented the same question which was decided in *State ex rel. Davis v. Superior Court, supra,* and I am accordingly of the opinion that the order appealed from should be reversed.

[1]Reported in 122 P. (2d) 493.